Thimesch Law Offices
TIMOTHY S. THIMESCH, ESQ. (No. 148213)
171 Front Street, Suite 102
Danville, CA 94526-3321
Direct: (925) 855-8235
Facsimile: (925) 855-8435

Attorney for Plaintiff MICHAI FREEMAN

ALAN L. MARTINI, Esq. (No. 77316)
SHEUERMAN, MARTINI & TABARI
A Professional Corporation
1033 Willow Street
San Jose, CA 95125
(408) 288-9700

Attorneys for Defendants, ALTA BATES SUMMIT MEDICAL CENTER; and ALTA BATES SUMMIT FOUNDATION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MICHAI FREEMAN,

Plaintiff,

v.

ALTA BATES SUMMIT MEDICAL CENTER CAMPUS, et al.

Defendants. /

Case No. C04-2019 SBA
Civil Rights

**FULL CONSENT DECREE AND ORDER**

1. Plaintiff MICHAI FREEMAN is a person with a disability whose quadriplegia requires the full time use a wheelchair for mobility. Plaintiff alleges that defendants are the owners, operators and lessors of the building complex comprising the subject Alta Bates Summit Medical Center, Herrick Campus, also doing business as the Alta Bates Hospital, located in Berkeley, California. (Hereafter "Campus".) Located at 2001 Dwight Way in central Berkeley, the facility has both regional and national importance.

2. Plaintiff MICHAI FREEMAN filed this action for herself and all other similarly situated members of the public to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and corresponding California law, including enforcement of Title 24 of the California Code of Regulations, against defendants ALTA BATES SUMMIT MEDICAL CENTER; and ALTA BATES SUMMIT FOUNDATION, et al. ("Defendants").

3. Plaintiff alleges that defendants violated these statutes by failing to provide full and equal access and related facilities, including accessible entrances, accessible paths of travel, accessible public restrooms, accessible routes, including from the public right of way, accessible snack bar and gift shop facilities, accessible disabled parking, and accessible service counter facilities.[1/] Specific identification of the facilities and their deficiencies has been identified by the parties through a meeting of experts and exchange of reports.

4. Plaintiff alleges that defendants are also the lessors of the interior tenant space (housed within the building complex) occupied by former defendants LIFELONG MEDICAL CARE d.b.a. BERKELEY PRIMARY CARE, where plaintiff receives her medical care.

5. Plaintiff alleges that the complex has undergone

[1] Plaintiff has already settled all issues with Berkeley Primary Care and Lifelong Clinic, including her claims for injunctive relief and damages, i.e., concerning the facilities within the interior of the clinic. Upon settlement with Lifelong, the only injunctive relief issues that remain are the issues outside the clinic. However, her damage claims concerning such interior facilities are still at issue with respect to the Alta Bates defendants.

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

construction triggering the requirement of full compliance with compliance regulations in the altered areas, and that further defendants could easily afford to makes its facilities and services accessible without significant difficulty or expense.

6. For their part, Defendants do not deny that the facility has undergone “alterations” and “new construction” in each of the areas embraced by the expert reports. However, Defendants contend, *inter alia*, that the areas identified by plaintiff as “barriers” are not barriers under the code, but are exempted by regulation and/or were constructed within “tolerances” provided by code.

7. Therefore, Defendants’ Answer to the Complaint denied all liability, and by entering into this Consent Order, defendants do not admit liability to the allegations in Plaintiff’s Complaint filed in this action. The parties hereby enter into this Full Consent Decree and Order for the sole purpose of resolving this lawsuit without the need for protracted litigation.

**STIPULATIONS**

8. **Plaintiff’s Qualified Disability.** Plaintiff is a qualified person with a physical disability. She has quadriplegia, and requires the full time use of a wheelchair for mobility.

9. **Plaintiff’s Residence and Status as Aggrieved and Potentially Aggrieved.** Plaintiff lives in Berkeley less than a mile from the Medical Campus. She qualifies as “aggrieved and potentially aggrieved”, and regularly uses the clinic Berkeley

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Primary Care approximately 4 to 6 times per year for her medical needs.

10. **Ownership, Operation and Lease of the Medical Campus.** Defendant Alta Bates Summit Medical Center is the owner, operator and lessor of the building complex comprising the subject Alta Bates Summit Medical Center, which includes the scope of facilities identified in paragraph 13, below. Said defendant is also the lessor of the tenant space occupied Berkeley Primary Care. (**Note:** the parties dispute the connection of defendant separate of parent corporation defendant ALTA BATES SUMMIT FOUNDATION to the subject property, i.e., as an owner, operator, and lessor to the property.)

11. **Qualified Facilities** The Campus qualifies as a "public accommodation" and "commercial facility" under all applicable statutes and regulations.

12. **Construction History.** The parties stipulate that all facilities in issue have undergone sufficient and recent alteration and/or new construction to require full compliance with <u>the requirements of the Americans With Disabilities Act Access Guidelines published in 1992 as well as the 1998 Edition of Title 24, Part 2, of the California Code of Regulations</u>. The dispute pertains to the interpretation, scope and purpose of the regulations.

13. **Scope of Facilities in Issue**

(a) The path of travel from the public sidewalk to the main entrance;

(b) The parking facilities near the main entrance;

(c) The path of travel from the north side of the

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Campus at Haste Street;

(d) The designated "accessible" parking facilities at the north side of the Campus and the path of travel to the rear entrance;

(e) The path of travel to the rear entrance at the North side of the building Complex;

(f) The path of travel thru the give shop and counter obstructions.

(g) The snack shop near the main lobby;

(h) The gift shop near the main lobby;

(i) The public restrooms near the main lobby;

(j) The public restroom in the hallway leading to the Berkeley Primary Care Clinic; and

(k) Strictly for damage purposes, the configuration of the public restroom within the interior of the Clinic.

All of the foregoing facilities are located along a direct route from the public sidewalk and/or parking facilities to the clinic. Other parts of the campus, hospital, and related buildings were not inspected and are not part of this action.

**JURISDICTION**

14. The facts requisite to federal jurisdiction and venue are admitted. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 for the alleged violations of the ADA, 42 U.S.C. §§ 12101, et seq. Article III jurisdiction is proper due to the plaintiff's continued exposure and use of the clinic for her regular medical care. Pendant jurisdiction of the state law claims arises from a common nucleus of fact and is proper.

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Venue and intra-district jurisdiction is proper as the property in issue is located in Alameda County.

15. This agreement is contingent upon Court approval and acceptance of normal jurisdiction to interpret and enforce this Consent Decree.

16. The parties agree to entry of this Full Consent Decree and Order in order to resolve the below listed allegations raised in the Complaint filed with this Court on May 24, 2004. Accordingly, they agree to the entry of this Full Consent Decree and Order without trial or further adjudication of any issues of fact or law concerning the issues specified herein, and without prejudice to plaintiff's sole remaining claim for reasonable statutory attorney's fees, litigation expenses and costs.

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Consent Order, which provides as follows:

**RESOLUTION OF INJUNCTIVE RELIEF:**

17. Except as specified in Paragraph 33, below (regarding the outstanding issue of plaintiff's claim for reasonable statutory attorney fees, litigation expenses and costs), this Full Consent Decree and Order shall be a full, complete, and final disposition and settlement of the below claims for injunctive relief and statutory and compensatory damages that have been or could have been alleged in the Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Order should not be construed as

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

such. The Court shall retain jurisdiction of this action to enforce and interpret this Consent Decree. The parties agree that if they or any of them seek Court enforcement of this Consent Decree and Order, any such enforcement will be by noticed motion, application or other appropriate request for an order for specific performance and that a contempt citation or decree will not be sought by any party.

18. With respect to the injunctive relief and damage claims resolved by this Order, the parties acknowledge that they waive the provisions of and any benefits that may be conferred by Civil Code section 1542 which reads:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

The provisions of this paragraph shall not affect the reserved issues specified in Paragraphs 33 through 34, below.

**INJUNCTIVE RELIEF**

19. The defendants agree to perform the following work to provide disabled access at the subject Campus:

20. **Parking**

(1) Defendants shall post a sign at the driveway to main lot entrance (on Dwight Way) indicating where towed vehicles may be recovered.

(2) Defendants will stripe and sign two (2) new accessible parking spaces in the front (Dwight Way) parking lot

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

on Dwight Way (that is currently used by the valet service). The parking spaces will be fully compliant with the current codes including with regard to slope and cross slope, signage, loading zones, and location along a fully compliant path of travel to the main entrance.

(3) Remove accessible parking in rear lot by removing accessible parking signage;

21. **Snack Bar**

(1) **Service Counter.** Defendants will modify the counter in the Snack Bar counter to provide a surface that is 34″ high by 36″ long.

(2) **Condiment Counter.** Defendants will eliminate the reach over the obstruction. If possible, this shall be accomplished by moving the condiments, dispensers and related loose items, forward on the existing counter to comply with reach range requirements (i.e. 48″ high for forward approach or 54″ high for side approach).

22. **Gift Shop**

(1) **Transaction Counter.** Defendants shall lower the existing glass display/transaction counter to 34″ high. (Note: this item is to be modified if possible by cutting legs if needed. If the situation calls for modification or fabrication of a full base or integral platform, the counter is to be left as is and only the 36 inch wide space will be required on the top of the counter.

(2) **Path of Travel.** Move an existing display in Gift Shop to create a 36″ aisle throughout the store.

23. **Public Restrooms near Main Lobby.** Defendants shall

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

modify the following:

(1) **Women's Room**

(a) Provide compliant signage (CBC pictograms on door and ADA raised letter/braille on wall).

(b) Wrap hot water supply and waste pipe.

(c) Provide the operable part of each accessory no higher than 40" from the finished floor.

(d) Provide a power assisted door opener to mitigate strike-side clearance issue at door landing;

(2) **Men's Room** [2/]

(a) Provide compliant signage (CBC pictograms on door and ADA raised letter/braille on wall).

(b) Wrap hot water supply and waste pipe.

(c) Provide the operable part of each accessory no higher than 40" from floor.

(d) Adjust faucet operation effort to 5 lbs or less.

**24. Main Entrance, Curb Ramp and Passenger Unloading Facilities.** The defendants shall modify their facilities at the Main Entrance, and the adjoining curb ramp and proposed passenger unloading, to conform to the specifications shown in the drawing at **Exhibits 1 and 2,** or according to another fully compliant and equivalent design.

25. **Performance Standards.** All of the foregoing facilities shall be brought into full and strict compliance

[2] **Note:** the parties stipulate that plaintiff has standing to enforce accessibility requirements within the men's public restroom due to her right to use such facilities when accompanied by a male attendant.

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

with the literal requirements of the California Code of Regulations, Title 24-2 (2005), and Americans with Disabilities Act Accessibility Guidelines, effective January 26, 1992.

26. **Conflict in Performance Standards.** In the event of a conflict between the two sets of regulations, the provisions that supply maximum protection and accessibility to the disabled shall apply.

27. **Option to Close Facilities.** In lieu of making modification to any particular facility or amenity called for by this decree, the defendants may choose to permanently close such facility or amenity.

28. **Time for Compliance.** As to all other work, defendants shall submit plans and apply for any necessary permits for this work within 180 days of the entry of this Order on the docket of the court, and complete all such work within six months of receiving permits, allowing for good faith interruptions due to inclement weather, contractor unavailability, and other causes under the Doctrine of Force Majeure.

29. **Enforcement.** Should Plaintiff in the future become aware of any facts or conditions relating to the subject Campus that may give rise to a claim that Defendants have failed to comply with any of the injunctive relief provisions set forth herein, Plaintiff shall, prior to seeking enforcement from this Court, provide notice to Defendants' current counsel, Alan Martini, Esq., in writing, addressed to his then current address as registered with the State Bar, with a courtesy copy addressed to owner-defendant Alta Bates Summit Medical Campus

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

at the its then current registered address with the Secretary of State. The Campus shall have sixty (60) days, following receipt of such notification to undertake to correct the alleged violation and/or respond to Plaintiff's allegations. Any response made by Defendants shall be in writing, addressed to Plaintiff's counsel, Tim Thimesch of the Thimesch Law Offices, at his then current address registered with the State Bar. Plaintiff's counsel agrees to contribute pro bono up to three hours in any given calendar year toward these informal negotiation efforts. If Plaintiff determines, in her own good faith discretion, that the matter(s) are not resolved by Defendants' response, Plaintiff shall be permitted to file a noticed motion under the current case number of this action seeking enforcement of this Consent Decree. The prevailing party in such motion proceedings, whether in full or in part, may be entitled to an award of reasonable attorney fees, litigation expenses and costs for such motion, i.e., the fee recovery shall be pursuant to the normal prevailing party standards that applied before the action's full dismissal.

**RESOLUTION OF PLAINTIFF'S DAMAGE CLAIM:**

30. Defendants shall pay plaintiff $16,500.00 in full resolution of all compensatory and statutory damage claims brought under her complaint. A check for this amount shall be delivered into plaintiff counsel's hands within 10 days of the Court's execution of this Order. The check shall be made out solely to "Michai Freeman."

////

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

**RESERVED ISSUES RE INJUNCTIVE RELIEF AND ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

31. Plaintiff stipulates that her damage claims have been fully resolved through this Full Consent Decree and Order.

32. This Full Consent Decree also resolves all injunctive relief claims brought under the Complaint, including those listed in the Joint Pretrial Statement (filed by the parties on October 13, 2005) at: **paragraphs (C)(vii)(a)(i)–(ii) at pages 6 through 9** (Re parking facilities on Dwight Way); **paragraphs (C)(b)(v) – (vii) at page 9** (Re parking and path of travel facilities on Haste Street); **paragraph (C)(d) at page 10** (Re the path of travel in Gift Shop); **paragraph (C)(e)(i)-(iv) and (vi)-(vii)** at pages (Re certain counters and the public restrooms in the main lobby); **paragraphs (C)(b)(i)-(iv) at pages 8 through 9 and (e)(v) on page 12)** (Re the Campus' passenger unloading, curb ramp and main entrance facilities on Dwight Way); and **paragraph (C)(c) on page 10** (Re the configuration of the dining tables in the Deli and Snack Shop).

33. The parties have not reached an agreement regarding Plaintiff's claim for attorney fees, litigation expenses and costs for this case (and any appropriate enhancement), and reserve such issues for trial or appropriate disposition. The parties agree to continue their attempt to compromise Plaintiff's remaining claim for attorney fees, litigation expenses and costs.

34. Therefore, if the Court approves this Full Consent Decree and Order, the parties request the setting of the following schedule for moving for an award of fees, costs and

expenses, which includes reasonable attorneys fees incurred in making the motion: 1) the deadline for filing the motion shall be within 60 days after final judgment in this action; 2) the deadline for defendants to file any opposition papers shall be within 30 days of the filing of plaintiff's notice of motion; 3) any reply papers shall be with 15 days thereafter. Plaintiff may move for an award of fees, costs and expenses, which include reasonable attorneys fees incurred in the action and in pursing her Motion for Award of Reasonable Statutory Attorney's Fees, Litigation Expenses and Costs, and defendants may state objections to an award of costs through their opposition papers. These procedures shall apply in lieu of the procedures specified in Civil Local Rules 54-1 through 54-6, with the exception that counsel should comply with Rule 54-6(a) with respect to meet and confer requirements and that sub section (b)(1) through (3) shall apply re form of motion and the court's prerogatives as set forth in said Local Rule.

35. Notwithstanding any statement in this Full Consent Decree and Order regarding defendants' dispute of the allegations and/or non-admission and denial of liability, the parties agree that plaintiffs have prevailing party standing to make a motion for reasonable fees, litigation expenses and costs. Defendants reserve all rights to oppose such a motion.

**ENTIRE CONSENT ORDER**:

36. This Full Consent Decree and Order constitutes the entire agreement between the parties on the matters of injunctive relief, and no other statement, promise, or

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Order, shall be enforceable regarding the matters of injunctive relief described herein. The issues specified in Paragraphs 32 through 34 shall constitute the sole matters reserved for trial or further disposition.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

37. The parties agree and represent that they have entered into this Full Consent Decree and Order voluntarily, under no duress, and wholly upon their own judgment, belief, and knowledge as to all matters related to this Consent Decree, after having received full advice from counsel.

38. This Full Consent Decree and Order shall be binding on Plaintiff MICHAI FREEMAN, and Defendants ALTA BATES SUMMIT MEDICAL CENTER; and ALTA BATES SUMMIT FOUNDATION; and any successors in interest. During the period of this Consent Decree, the parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree.

**JOINT PREPARATION AND SEVERABILITY:**

39. This Full Consent Decree and Order is deemed jointly prepared by all parties and shall not be strictly construed against any party as its drafter. If any term of this Consent Order is determined by any court to be unenforceable, the other terms of this Consent Order shall nonetheless remain in full

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

force and effect.

**SIGNATORIES BIND PARTIES:**

40. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Full Consent Decree and Order.

**SIGNATORIES BIND PARTIES:**

41. This Full Consent Decree and Order may be executed in counterparts signatures, and such signatures may be attached in counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall have the same force and effect as original signatures.

Dated: ______________

______________________________
Plaintiff MICHAI FREEMAN

Dated: ______________

______________________________

Print Name: ______________________

Title: ______________________
On Behalf of Defendants ALTA BATES SUMMIT MEDICAL CENTER; and ALTA BATES SUMMIT FOUNDATION

////

////

**APPROVED AS TO FORM:**

Dated: October 18, 2005

Thimesch Law Offices
TIMOTHY S. THIMESCH

[signature]

Attorneys for Plaintiff
MICHAI FREEMAN

Dated: October __, 2005

ALAN L. MARTINI, ESQ.
SHEUERMAN, MARTINI & TABARI

______________________________

Attorneys for Defendants ALTA BATES SUMMIT MEDICAL CENTER; and ALTA BATES SUMMIT FOUNDATION

**ORDER**

**IT IS SO ORDERED.** ______________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

________________.

Date: 11/18/05

[signature]
______________________________
HON. SAUNDRA BROWN ARMSTRONG
Judge of U.S. District Court

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235